# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTOIN RUSSELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-963-SMY ) ) |
| JACKLYN LASHBROOK, JOHN DOE CORRECTIONAL OFFICER, and JANE DOE CORRECTIONAL OFFICER, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Santoin Russell, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Stateville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). Plaintiff claims Defendants failed to protect him from an assault on the yard in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in his Complaint: On September 6, 2017, a physical altercation occurred on the West Yard at Menard between two gangs, the Vice Lords and the Gangster Disciples. (Doc. 1, p. 5). An argument between two gang members started in the commissary and escalated to a physical fight between thirty gang members when the members reached the yard. (*Id*. at p. 6). Plaintiff was escorted from his housing unit to the yard where the altercation took place. Plaintiff noticed that none of the inmates entering the yard were being patted down or searched for contraband. (*Id.*). Once on the yard, Plaintiff was threatened by two inmates. Plaintiff approached the fence and spoke with John and Jane Doe correctional officers about the threats. Plaintiff informed the officers that he was afraid for his life and wanted to leave the yard. (*Id*. at p. 7). The officers refused to remove Plaintiff from the yard and stated that he would be fine and to "go play with the gang members." (*Id*.). Plaintiff was later attacked by three men, including the two who had threatened him when he first entered the yard. Plaintiff received a stab wound above his left eye, three cuts to his left forearm, and cuts on his upper and lower back. The inmates had metal homemade weapons that they used in the attack. Plaintiff believes the inmates were able to bring metal weapons on the yard because the metal detectors were previously removed from Menard and officers did not conduct pat-downs. (*Id.* at p. 8).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count in this *pro se* action:

**Count 1:** Defendants failed to protect Plaintiff from an assault in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Discussion

Plaintiff states a viable claim against John and Jane Doe Correctional Officers for failure to protect him from the inmate assault as he alleges he told the officers about the threat made by the other inmates and asked to leave the yard, but they refused and instead encouraged him to "play" with the other gang members. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010).

Plaintiff also states a claim against Lashbrook as he alleges that as warden, she was deliberately indifferent to the safety of inmates when she removed the metal detectors and disregarded pat down searches. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (supervisor may be liable for actions of subordinates if he knew about the conduct and facilitates, approves, condones, or turns a blind eye to it); *Farmer*, 511 U.S. at 842. However, all official capacity claims against Lashbrook are **DISMISSED without prejudice**.[2] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state officials named in their official capacities may not be sued for monetary damages).

### John Doe Defendants

Frank Lawrence, as the current warden of Menard, will be added to the docket (in his official capacity only) for the purpose of responding to discovery (informal or formal) aimed at

---

[1] This includes any potential claim under the Fourteenth Amendment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[2] Plaintiff's relief section of his Complaint seeks an order from the Court for metal detectors to be installed at Menard. Plaintiff, however, is no longer housed at Menard. Thus, any injunctive relief he seeks at Menard is now moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (a prisoners request for injunctive relief is rendered moot by his transfer to another prison); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008).

identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Motion for Counsel

In support of his Motion for Counsel (Doc. 3), Plaintiff attaches a number of letters from attorneys declining to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, counsel is not needed at this time because the defendants have not yet been served nor has a discovery schedule been entered. Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Jacklyn Lashbrook and John and Jane Doe Correctional Officers. The Clerk is **DIRECTED** to add Frank Lawrence (official capacity only) to the docket for purposes of identifying the John and Jane Does.

The Clerk of Court shall prepare for Defendants Jacklyn Lashbrook and Frank Lawrence (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

defendants' place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff's Motion for Service of Process (Doc. 4) is **DENIED AS MOOT**.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Lashbrook is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**. As Frank Lawrence is only in the case in his official capacity for purposes of identifying the John and Jane Doe Correctional Officers, he need not file a responsive pleading. Instructions for identifying the John and Jane Does will be provided at a later date.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A). Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**