IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTOIN RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-963-DWD |
| | ) |
| | ) |
| JACKLYN LASHBROOK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge**

Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging failure to protect him from an assault while at Menard Correctional Center. (Doc. 1). Defendants John and Jane Doe were dismissed without prejudice due to Plaintiff's failure to identify them by the scheduled deadline. (Doc. 19). After an evidentiary hearing on March 22, 2021, the Court granted remaining Defendant Lashbrook's Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 30). Plaintiff filed a Notice of Appeal (Doc. 32), which indicates that he is indigent and requests appointment of counsel. The Court interprets these requests as a motion for leave to proceed *in forma pauperis* ("IFP") and for recruitment of counsel. (Doc. 33).

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a). Plaintiff was previously permitted leave to proceed IFP on the underlying case. (Doc. 6). As such, he is entitled to proceed IFP on the appeal

1

unless prohibited by statute or this Court certifies that the appeal is not taken in good faith.  Fed. R. App. P. 24(a)(3).

Plaintiff has not stated what issues he is appealing beyond the fact that he is challenging the grant of summary judgment.  From that little information, the Court cannot conclude that Plaintiff's appeal is not taken in good faith, and therefore he will be allowed to continue to pursue this matter IFP.

As to Plaintiff's request for counsel, this is beyond the scope of the Court's power. Generally, a party's filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal.  *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  This includes requests for recruitment of counsel on appeal.  *Murray v. Artl*, 189 F. App'x 501, 504 (7th Cir. 2006).  Accordingly, Plaintiff must apply to the Court of Appeals for appointment of counsel.

Plaintiff's Motion to Proceed IFP and for Recruitment of Counsel (Doc. 33) is **GRANTED in part**.  Within 14 days, Plaintiff shall provide the Court with a certified Trust Fund Statement from his current institution, covering the six-month period preceding the filing date of the Notice of Appeal.  Upon receipt, the Court will assess the appropriate initial filing fee.  The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Trust Fund Officer at Stateville Correctional Center and the Clerk of Court for the Seventh Circuit.

    **IT IS SO ORDERED.**
    DATED: 4/21/2021

                                                            David W. Dugan
                                                            United States District Judge